## 62137. JOHNSON v. DeKALB COUNTY.

POPE, Judge.

This is an appeal from an order of the DeKalb County Superior Court which affirmed an award of the State Board of Workers' Compensation. The record shows that following a hearing, the Board found that appellant had not kept an appointment for a medical examination. The Board suspended benefit payments pursuant to Code Ann. § 114-503. The Board also found that appellant had failed to notify it of his current whereabouts. On appeal the superior court found that the record contained no admissible evidence that appellant had failed to report for the medical examination. However, that court also found that the record did support the finding that appellant had failed to provide the Board with his current address and, therefore, affirmed the Board's award. The gist of appellant's contentions on appeal is that the superior court erred in affirming the Board's award that suspended payment of benefits to appellant on the basis that appellant had failed to provide the Board with his current address.

The record on appeal indicates that appellant's address at the time he filed his claim was in Stone Mountain, Georgia. At a later hearing on this matter, counsel for appellant stated that as of August, 1978 appellant's address was in Fort Walton Beach, Florida. At the latest hearing before the Board, counsel for appellant stated, "I don't believe [appellant] could be accused of having a permanent address. At least, I wouldn't testify in my place that any address that he has is permanent, but I would testify that this [Fort Walton Beach address] was the last known address . . ." He stated further that he had been unable to determine whether or not appellant had received any payment of benefits in connection with his award. Counsel for

appellee stated in his place that the County had mailed out every check required and that every one had been returned except the checks for counsel for appellant, which had been negotiated.

The Workers' Compensation statute requires that each claimant maintains an up-to-date address with the Board. Code Ann. § 114-707 (i). There was evidence of record to support the Board's finding that appellant had failed to comply with this statutory requirement. See generally Queen v. Transport Ins. Co., 147 Ga. App. 746 (1) (250 SE2d 195) (1978). Lex neminem cogit ad vana seu inutilia peragenda — the law compels no one to do vain or useless things. Black's Law Dictionary 1056 (4th ed. 1968). Since each benefit check mailed to appellant had been returned, the Board was authorized to suspend payment of benefits until such time as appellant has provided the Board with an up-to-date address.

Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.

DECIDED OCTOBER 5, 1981.

Charles T. Bass, for appellant.
Ward D. Hull, Milton H. Hutcheson, Jr., for appellee.